UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIANO VALERA,                         )       CASE NO. CV 04-08627 RZ
                                        )
                    Plaintiff,          )
                                        )       MEMORANDUM OPINION AND
        vs.                             )       ORDER
                                        )
JO ANNE B. BARNHART, Commissioner )
of  Social Security Administration,     )
                                        )
                    Defendant.          )
_____ )

        Both parties agree with the Administrative Law Judge's assessment of Plaintiff's physical residual function capacity (RFC).  They disagree over the judge's (1) finding as to Plaintiff's ability to communicate in English; and (2) crediting of the vocational expert's testimony about Plaintiff's ability to perform alternative work as a cashier or photo counter clerk.  [*See* AR 295-96]  Because the Court agrees in part with Plaintiff's second argument, it will remand the matter.


                                    **I.**

**VOCATIONAL EXPERT'S STAND/WALK TIME TESTIMONY**

        The jobs suggested for Plaintiff by the vocational expert, cashier and photo counter clerk, are classified as "light" exertion level occupations.  Light exertion-level jobs require the ability to stand and walk for 6 out of 8 hours, according to the Dictionary of

Occupational Titles (DOT).  [*See* AR 20]  The Administrative Law Judge found that Plaintiff could stand and walk for only 4 hours, but he nevertheless concluded Plaintiff could do those jobs because the vocational expert opined that he could.  Plaintiff asserts that this was error.  The Court agrees and will remand.

The DOT raises a rebuttable presumption as to the requirements of the jobs it catalogues.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  An Administrative Law Judge may rely on expert testimony at variance with the DOT, but only to the extent that the record contains persuasive evidence to support the expert's deviation.  *Id.*  Here, the only "evidence" Defendant and the vocation expert have cited is the expert's "experience of over 25 years as a vocational rehabilitation counselor."  [AR 302]  As the expert admitted immediately thereafter, her opinion was "not based on any empirical information" or any study compiling such information.  [*Id.*]  In *Johnson*, the expert's testimony drew support from "testimony matching the specific requirements of a designated [alternative] occupation with the specific abilities and limitations of the claimant."  60 F.3d at 1435.  In contrast, here the record contains no evidence that some of the photo-counter-clerk or cashier jobs in this geographic area can be performed by a person able to stand and walk for 4 hours per day, rather than 6 as indicated in the DOT.  The vocational expert's *ipse dixit* – her assertion that her expert opinion is based on her experience (which is a principal reason why she is an expert in the first place) – is insufficient, particularly when the expert admitted she had no empirical evidence supporting her opinion.  Remand therefore is necessary for further development of the record as to this specific issue.

## II.

## PLAINTIFF'S OTHER ARGUMENTS

Given the Court's determination to remand, it does not reach Plaintiff's other two arguments, namely that substantial evidence does not support the Administrative Law Judge's (a) implicit finding that Plaintiff was "at least literate and able to communicate in

English," and (b) finding that he has the "language skills" required to perform the cashier or clerk jobs suggested by the vocational expert.  On remand, however, the Administrative Law Judge may wish to take those arguments into consideration if appropriate on the state of the evidence then before the Commissioner.

## III.

## CONCLUSION

For the reasons above, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

DATED:   March 16, 2006

_____
                    */s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE